IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Martin Donald Laskowski, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13 CV 50392 |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| Nedra Chandler, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the following reasons, defendant Bessie Dominguez's motion to dismiss is denied.

## STATEMENT-OPINION

Plaintiff Martin Donald Laskowski's first amended complaint brings suit against Andrew J. Schott, an Illinois Department of Corrections' ("IDOC") employee, and Bessie Dominguez, a physician at IDOC's Dixon Correction Center ("DCC") [61]. Plaintiff alleges defendants were deliberately indifferent to his serious medical needs in violation of 42 U.S.C. § 1983. *Id.* Specifically, plaintiff complains he suffered permanent brain damage as a direct result of defendant Schott failing to obtain emergency medical assistance to him while he lay in an unresponsive state on the floor of his cell, and of defendant Dominguez refusing to prescribe to him adequate pain medication. *Id.* On October 27, 2017, defendant Dominguez filed a motion to dismiss plaintiff's first amended complaint as against her [73]. On November 22, 2017, plaintiff filed his response [88], and on December 22, 2017, defendant Dominguez filed her reply [92].

I. Standard of Review

When evaluating a Rule 12 (b)(6) motion to dismiss, the court must "accept[] all well-pleaded facts as true and draw[] all reasonable inferences in favor of the . . . non-moving parties." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016) (internal citations omitted). "A Rule 12(b)(6) motion challenges the sufficiency of the complaint itself." *Id.* "To state a claim, a complaint must first provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (citing FED. R. CIV. P. 8(a)(2)). "The statement of the claim must sufficiently give 'fair notice of what the ... claim is and the grounds upon which it rests' to the defendants." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To state a claim for relief, a complaint must provide more than 'abstract recitations of the elements of a cause of action or conclusory legal statements.' *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)." *Charleston v. Board of Trustees of University of Illinois at Chicago*, 741 F.3d 769, 772 (7th Cir. 2013). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. The complaint must instead call for "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting plaintiff's claims. *Id*.

## II. Factual Background

The following facts are taken from plaintiff's amended complaint.

Plaintiff, Martin Laskowski, was incarcerated at the DCC in March of 2012 through March of 2017. [61] at 1, 5. In the early morning hours of March 21, 2012, plaintiff lost consciousness and collapsed on the floor of his cell, presumably from an overdose of medication he received from health care providers at DCC. *Id*. at 2. Defendant Schott observed plaintiff on the floor of his cell but failed to provide him immediate medical attention and left him unresponsive in his cell for approximately an hour. *Id*. at 3. During that hour, plaintiff was denied oxygen and consequently suffered permanent brain damage. Plaintiff was eventually placed on an oxygen rebreather and was transported to the emergency room of a nearby hospital. *Id*. Plaintiff was then hospitalized for approximately three weeks – much of that time in a comatose state. *Id*. at 4.

Prior to plaintiff's incarceration, plaintiff suffered multiple back injuries resulting in chronic pain. *Id*. Plaintiff also had been diagnosed with a spinal tumor, underwent a partial lobectomy of his lung, and underwent a spinal fusion surgery. Plaintiff endured the chronic back pain during his stay at DCC. *Id*. at 5. Before arriving at DCC, plaintiff's back condition was treated by medical professionals, including a pain management specialist, who prescribed narcotic pain medication, including OxyContin, for many years. Defendant Dominguez, as a treating physician at DCC, was aware of plaintiff's serious back condition and chronic pain, but refused to provide him with an effective course of treatment. *Id*. Defendant Dominguez only provided plaintiff with Tylenol and Ibuprofen, knowing that this course of treatment would be ineffective to treat plaintiff's back condition and chronic pain. *Id*. at 6. Despite plaintiff's requests to receive more effective treatment, defendant Dominguez refused. Due to defendant Dominguez's refusal to effectively treat plaintiff, plaintiff experienced unnecessarily intense and prolonged pain from at least October 25, 2012, through December 24, 2012. *Id*.

## III. Procedural History

On December 23, 2013, plaintiff filed his original *pro se* complaint [1]. On May 28, 2014, the court granted plaintiff's motion to stay this proceeding (and administratively closed the case) pending the outcome of plaintiff's case filed with the

Illinois Court of Claims, which addressed issues identical to the issues raised in this matter [16]. The stay was lifted three years later on May 5, 2017, after the Illinois Court of Claims dismissed plaintiff's action [44]. Plaintiff, through appointed counsel, filed his first amended complaint on August 28, 2017 [61]. Defendants Dominguez's motion to dismiss (and parties' briefs) followed.

IV. Analysis

    A.    Deliberate Indifference

Defendant Dominguez argues in her motion to dismiss that plaintiff has failed to state a cause of action against her because a disagreement over her medical judgment does not rise to a constitutional violation. She argues she was not deliberately indifferent to plaintiff's serious medical needs. In response, plaintiff states his complaint sufficiently alleges defendant Dominguez was aware of plaintiff's serious medical condition and disregarded it by providing him with ineffective treatment.

"The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). To state a claim based on inadequate medical care, a plaintiff must allege an objectively serious medical condition and an official's deliberate indifference to that condition. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). "Deliberate indifference may occur where a prison official, having knowledge of a significant risk to inmate health or safety, administers 'blatantly inappropriate' medical treatment." *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015) (quoting *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007)).

In his amended complaint, plaintiff alleges that defendant Dominguez refused to prescribe to him narcotic pain medication that he had taken in the past and, instead, only gave him Tylenol and Ibuprofen to alleviate his chronic back pain. Defendant Dominguez maintains plaintiff's suit is nothing more than an "inappropriate attempt to turn a court of law into a doctor's office." [73] at 5. Defendant Dominguez notes that courts have held that the propriety of a course of medical treatment of an inmate does not rise to the level of an appropriate action under Section 1983. Defendant Dominguez cites to *Estelle* to support her position. In *Estelle*, the prison doctors treated plaintiff's back strain (following an injury while performing a prison work assignment) with bed rest, muscle relaxants and pain relievers. Estelle, however, argued more should have been done by way of diagnosis and treatment, such as an X-ray. There, the Supreme Court agreed with the doctor stating "the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. Additionally, defendant Dominguez argues plaintiff cannot meet the high standard of deliberate indifference in order to state a claim. For this position, defendant Dominguez cites to *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254 (7th Cir. 1996). There, the Seventh Circuit affirmed the district court's granting of summary judgment against the estate of a pre-trial inmate who committed suicide at the jail, noting that deliberate indifference may be inferred "when the medical professionals

3

decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate the person responsible did not base the decision on such a judgment." *Id*. at 261-62. The court finds defendant Dominguez's position and supporting case law distinguishable from plaintiff's claims. Neither *Estelle* nor *Estate of Cole by Pardue* addresses the specific case of a prison doctor's refusal to provide an inmate with effective medicine previously prescribed by an outside specialist.[1]

Plaintiff's complaint is more analogous to *Arnett*. In *Arnett*, plaintiff, a federal inmate in Indiana, suffered from rheumatoid arthritis and was being treated by a specialist for his condition with a specific prescription medication prior to his incarceration. His prior medication was successful in controlling his condition. Once incarcerated, plaintiff received some medication, but not the medication he was receiving from his specialist. *Arnett*, 658 F.3d at 745-46. According to Arnett's allegations, he informed the prison doctor that the medication he was receiving was not effective, but the doctor persisted in his course of treatment. The Seventh Circuit held "[a]lthough the defendants provided [Arnett] pain medicine, a medical professional's actions may reflect deliberate indifference if he 'chooses an easier and less efficacious treatment without exercising professional judgment.'" *Id*. at 754 (citing *McGowen v. Hulick*, 612 F.3d 636, 641 (7th Cir. 2010) (quotation marks omitted)). *See also Gil v. Reed*, 381 F.3d 649, 663 (7th Cir. 2004) (summary judgment in favor of prison doctor overturned where prison doctor refused to give inmate medication prescribed by outside specialist and only provided inmate with Tylenol III, an ineffective substitute). "A prison physician cannot simply continue with a course of treatment that he knows is ineffective in treating the inmate's condition." *Arnett*, 658 F.3d at 754,

Here, the allegations contained in plaintiff's complaint are that plaintiff, prior to his incarceration, was being treated by a pain specialist who prescribed narcotic pain medication. [61] at 5. Once at the DCC (at least from October 25, 2012 through December 24, 2012), defendant Dominguez, aware of plaintiff's medical issues, refused to provide any effective course of treatment to address his serious back condition and chronic pain. *Id*. at 6. Instead of allowing plaintiff to continue on the course of treatment set up by the outside specialist, defendant Dominguez only allowed plaintiff Tylenol and Ibuprofen. *Id*. Plaintiff complains due to defendant Dominguez's refusal to prescribe an effective course of treatment for his medical condition, he "experienced unnecessarily intense and prolonged pain." *Id*.

While discovery may uncover more information regarding whether defendant Dominguez's treatment in prescribing Tylenol and Ibuprofen for plaintiff's chronic back pain was reasonable and constitutionally adequate, these are questions of fact that survive this stage of the litigation. Therefore, defendant Dominguez's motion to dismiss Count II of plaintiff's complaint against her is denied.

---

[1] Additionally, unlike *Estate of Cole by Pardue*, here, the court is presented with a motion to dismiss, a markedly different posture than a motion for summary judgment.

B. Statute of Limitations

Defendant Dominguez also brings an argument that plaintiff's claims are time-barred by the applicable two-year statute of limitations because, despite the fact that this cause was stayed pending the outcome of plaintiff's case in the Illinois Court of Claims, plaintiff's action at the Court of Claims apparently did not include Dominguez as a defendant. Defendant Dominguez argues the statute of limitations continued to run on plaintiff's claims against her while he was pursuing his claims against the State of Illinois. Because of that, defendant Dominguez argues, plaintiff's claims against her have expired.

The period of limitations is an affirmative defense. FED. R. CIV. P. 8(c)(1). The Seventh Circuit has "held many times that, because complaints need not anticipate defenses, Rule 12(b)(6) is not designed for motions under Rule 8(c)(1). See e.g., *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623 (7th Cir. 2003); *United States v. Northern Trust Co.*, 372 F.3d 886 (7th Cir. 2004); *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899 (7th Cir. 2004)." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Further, the court agrees with plaintiff that at this stage of the litigation, plaintiff's complaint would have to reveal an "airtight" defense of statute of limitations (which it does not) in order for dismissal to be appropriate. *Hayes v. Hile*, 527 Fed.Appx. 565, 566 (7th Cir. 2013). When a plaintiff files his complaint he is "not required to anticipate a limitations defense or establish through his complaint that his § 1983 claims would be saved by tolling of the limitations period." *Id*.

Because defendant Dominguez's argument does not reveal an "airtight" defense of statute of limitations based on plaintiff's complaint, the court finds this affirmative defense to be improperly brought at this stage of the litigation.

C. Request for "Strike"

Finally, defendant Dominguez's request for an assessment of a "strike" pursuant to 28 U.S.C. § 1915(g), is denied as moot.

For the foregoing reasons, defendant Dominguez's motion to dismiss is denied.

Dated: 2/12/2018            ENTER:

_____
Philip G. Reinhard

United States District Court Judge

Electronic Notices. (LC)